CRICHTON, J.,
additionally concurs and assigns reasons:
hi agree with the majority’s decision to deny this writ application, as I find it distinguishable from this Court’s recent opinion in Billeaudeau v. Opelousas Gen. Hosp. Authority, 16-0846 (La. 10/19/16), 218 So.3d 513 (2016 WL 6123862). Specifically, this Court’s decision in Billeaudeau concluded that a patient’s claim of negligent credentialing of a doctor fell outside the purview of the Louisiana Medical Malpractice Act, as it did not fall under the six “malpractice” factors outlined in Coleman v. Deno, 01-1517, pp. 17-18, 813 So.2d 303, 315-16.[1] After analyzing those factors, the Billeaudeau court concluded that the patient’s |anegligent credentialing claim sounded in general negligence, rather than medical malpractice, as it involved the hospital’s by-laws and administrative procedures.
In contrast, plaintiffs allegations here concern her transfer to another doctor’s care, which is directly related to her treatment and arises out of a patient-physician relationship. While I recognize the severe and tragic facts in this case, I find it primarily concerns the regulation of the practice of medicine, patient care, and patient treatment by physicians working at the hospital, which invokes the Louisiana Medical Malpractice Act. Thus, in my view, the instant case is not analogous to Bil-leaudeau, and this Court properly declined to exercise its supervisory jurisdiction.

. Those factors which a court may use to assist it in determining whether certain conduct by a qualified health care provider constitutes “malpractice” as defined under the Medical Malpractice Act are as follows:
(1) Whether the particular wrong is "treatment related” or caused by a declaration of professional skill,
(2) Whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,
(3) Whether the pertinent act or omission involved assessment of the patient's condition,
(4) Whether an incident occurred in the context of a patient-physician relationship, or was within the scope of activities which a hospital is licensed to perform,
(5) Whether the injury would have occurred if the patient had not sought treatment, and
(6) Whether the tort alleged was intentional.
Coleman, 01-1517 at pp. 17-18, 813 So.2d at 315-16.